## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| WAYNE V. WILLIAMS, | * | |
| Plaintiff | * | |
| v. | * | Civil Action No. AW-11-cv-1393 |
| BOBBY P. SHEARIN, et al., | * | |
| Defendants | * | |
| | *** | |

## <u>MEMORANDUM OPINION</u>

Plaintiff Wayne V. Williams ("Williams") filed the above-captioned Complaint pursuant to 42 U.S.C. §1983.  Defendants Warden Bobby Shearin, Correctional Officers Randy Adkins, Nathan Klink and Timothy Yutzy,  by their attorneys have filed a Motion to Dismiss, or in the Alternative for Summary Judgment. ECF No. 9.  Plaintiff has responded.[1]  ECF No. 10.  After review of the pleadings, and applicable law, the court determines that a hearing is unwarranted.  *See* Local Rule 105.6 (D. Md. 2011).  For the reasons that follow, the Motion to Dismiss, construed as a Motion for Summary Judgment, will be GRANTED.

### Background

Williams,  an inmate confined at the North Branch Correctional Institution ("NBCI"), alleges that on April 28, 2011, Defendant Adkins put Plaintiff's appeal of the denial of an administrative remedy request into the trash can.  He states that Defendant Yutzy also placed a different appeal of the denial of an ARP in the trash.  He states that the conduct of Adkins and Yutzy "hindered by

---

[1] Plaintiff's opposition is entitled a "Motion to Dismiss Defendants' Motion for Summary Judgment" and shall be denied.  The motion has, however,  been considered as an opposition response.

efforts to pursue a legal claim."[2]  He asks to bring charges against another correctional officer.  ECF No. 1.

Plaintiff filed ARPs regarding his complaints that Adkins and Yutzy threw away his appeals. The matters were investigated.  Defendants denied mishandling the letters and Plaintiff refused to be interviewed.[3] *Id*., Ex. 4 & 5.  The ARPs were dismissed at the institutional level.  There is no record that Plaintiff filed an appeal in either case. *Id*., Ex. 6.

### Standard of Review

A.      Motion to Dismiss

The purpose of a motion to dismiss pursuant to Fed. R. Civ. P. 12(b) (6) is to test the sufficiency of the plaintiff's complaint. *See Edwards v. City of Goldsboro,* 178 F.3d 231, 243 (4th Cir. 1999).   The dismissal for failure to state a claim upon which relief may be granted does not require defendant to establish "beyond doubt" that plaintiff can prove no set of facts in support of his claim which would entitle him to relief.  *See Bell Atlantic Corp*. *v. Twombly*, 550 U.S. 544,  561-62 (2007).  Once a claim has been stated adequately, it may be supported by showing any set of facts consistent with the allegations in the complaint.  *Id*. at 562.  The court need not, however, accept unsupported legal allegations, *see Revene v. Charles County Comm'rs,* 882 F.2d 870, 873 (4th Cir. 1989), legal conclusions couched as factual allegations, *see Papasan v. Allain,* 478 U.S. 265, 286 (1986), or conclusory factual allegations devoid of any reference to actual events, *see United Black Firefighters v. Hirst*, 604 F.2d 844, 847 (4th Cir. 1979).

---

[2] Plaintiff named Officer Klink in the caption of the complaint and has stated no allegations as to him.  Accordingly, the complaint against Klink shall be dismissed.  *See Zavatsky v. Anderson*, 130 F.Supp.2d 349, 358 (D. Conn. 2001) (complaint naming two defendants only in the caption was dismissed as to those two defendants.)

[3] Defendants Adkins and Yutzy aver that they have not destroyed, discarded or tampered with any legal paper belonging to Plaintiff or any other inmate.  ECF No. 9, Ex. 1.

In reviewing the complaint in light of a Motion to Dismiss pursuant to Fed. R. Civ. Proc. 12(b)(6) the court accepts all well-pleaded allegations of the complaint as true and construes the facts and reasonable inferences derived therefrom in the light most favorable to the plaintiff. *See Venkatraman v. REI Sys., Inc.*, 417 F.3d 418, 420 (4th Cir. 2005); *Ibarra v. United States,* 120 F.3d 472, 473 (4th Cir. 1997); *Mylan Labs., Inc. v. Matkari*, 7 F.3d 1130, 1134 (4th Cir. 1993). Rule 8(a)(2) of the Federal Rules of Civil Procedure requires only a "short and plain statement of the claim showing that the pleader is entitled to relief." *Migdal v. Rowe Price-Fleming Int'l Inc.,* 248 F.3d 321, 325-26 (4th Cir. 2001); *see also Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 513 (2002) (stating that a complaint need only satisfy the "simplified pleading standard" of Rule 8(a)).

The Supreme Court of the United States explained a "plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544,  555 (2007) (internal citations omitted).   Nonetheless, the complaint does not need  "detailed factual allegations" to survive a motion to dismiss. *Id.*   Instead, "once a claim has been stated adequately, it may be supported by showing any set of facts consistent with the allegations in the complaint." *Id.* at 563. Thus, a complaint need only state "enough facts to state a claim to relief that is plausible on its face." *Id.* 570.

To survive a motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.' " *Ashcroft v. Iqbal*, 556 U.S.662, 678 (2009) (*quoting Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, at 678. "But where the well-

pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged-but it has not 'show[n]'-'that the pleader is entitled to relief.' " *Id.* at 679 (quoting Fed.R.Civ.P. 8(a)(2)).

B.    Summary Judgment

Summary Judgment is governed by Fed. R. Civ. P. 56(a) which provides that, "The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." The Supreme Court has clarified that this does not mean that any factual dispute will defeat the motion:

> By its very terms, this standard provides that the mere existence of *some* alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no *genuine* issue of *material* fact.

*Anderson v. Liberty Lobby, Inc.*, 477 U. S. 242, 247-48 (1986) (emphasis in original).

"The party opposing a properly supported motion for summary judgment 'may not rest upon the mere allegations or denials of [his] pleadings,' but rather must 'set forth specific facts showing that there is a genuine issue for trial.'" *Bouchat v. Baltimore Ravens Football Club, Inc.*, 346 F.3d 514, 525 (4th Cir. 2003) (alteration in original) (quoting Fed. R. Civ. P. 56(e)). The court should "view the evidence in the light most favorable to . . . the nonmovant, and draw all inferences in her favor without weighing the evidence or assessing the witness' credibility." *Dennis v. Columbia Colleton Med. Ctr., Inc.*, 290 F.3d 639, 644-45 (4th Cir. 2002). The court must, however, also abide by the "affirmative obligation of the trial judge to prevent factually unsupported claims and defenses from proceeding to trial." *Bouchat*, 346 F.3d at 526 (internal quotation marks omitted) (quoting *Drewitt v. Pratt*, 999 F.2d 774, 778-79 (4th Cir. 1993), and citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 323-24 (1986)).

4

In *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 249 (1986) the Supreme Court explained that in considering a motion for summary judgment, the "judge's function is not himself to weigh the evidence and determine the truth of the matter but to determine whether there is a genuine issue for trial." A dispute about a material fact is genuine "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Id*. at 248. Thus, "the judge must ask himself not whether he thinks the evidence unmistakably favors one side or the other but whether a fair-minded jury could return a verdict for the [nonmoving party] on the evidence presented." *Id*. at 252.

The moving party bears the burden of showing that there is no genuine issue as to any material fact. No genuine issue of material fact exists if the nonmoving party fails to make a sufficient showing on an essential element of his or her case as to which he or she would have the burden of proof. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986). Therefore, on those issues on which the nonmoving party has the burden of proof, it is his or her responsibility to confront the summary judgment motion with an affidavit or other similar evidence showing that there is a genuine issue for trial.

**Analysis**

A.    Supervisory Liability

The doctrine of *respondeat superior* does not apply in §1983 claims. *See Love-Lane v. Martin*, 355 F. 3d 766, 782 (4th Cir. 2004) (no respondeat superior liability under §1983); *see also Trulock v. Freeh*, 275 F. 3d 391, 402 (4th Cir. 2001) (no respondeat superior liability in a *Bivens* suit). Liability of supervisory officials must be "premised on 'a recognition that supervisory indifference or tacit authorization of subordinates'" misconduct may be a causative factor in the constitutional injuries they inflict on those committed to their care.'" *Baynard v. Malone*, 268 F. 3d

228, 235 (4th Cir. 2001), citing *Slakan v. Porter*, 737 F. 2d 368, 372 (4th Cir. 1984). Supervisory liability under § 1983 must be supported with evidence that (1) the supervisor had actual or constructive knowledge that his subordinate was engaged in conduct that posed a pervasive and unreasonable risk of constitutional injury to citizens like the plaintiff, (2) the supervisor's response to the knowledge was so inadequate as to show deliberate indifference to or tacit authorization of the alleged offensive practices, and (3) there was an affirmative causal link between the supervisor's inaction and the particular constitutional injury suffered by the plaintiff. *See Shaw v. Stroud*, 13 F. 3d 791, 799 (4th Cir. 1994). Plaintiff has pointed to no action or inaction on the part of Defendant Shearin that resulted in a constitutional injury, and his claims against him shall be dismissed.

B.      Access to courts

Prisoners have a constitutionally protected right of access to the courts. *See Bounds v. Smith*, 430 U. S. 817, 821 (1977). However:

> *Bounds* does not guarantee inmates the wherewithal to transform themselves into litigating engines capable of filing everything from shareholder derivative actions to slip-and-fall claims. The tools it requires to be provided are those that the inmates need in order to attack their sentences, directly or collaterally, and in order to challenge the conditions of their confinement. Impairment of any other litigating capacity is simply one of the incidental (and perfectly constitutional) consequences of conviction and incarceration.

*Lewis v. Casey*, 518 U. S. 343, 355 (1996).

"Ultimately, a prisoner wishing to establish an unconstitutional burden on his right of access to the courts must show 'actual injury' to 'the capability of bringing contemplated challenges to sentences or conditions of confinement before the courts.' *O'Dell v. Netherland*, 112 F. 3d 773, 776 (4th Cir. 1997), quoting *Lewis*, 518 U.S. at 355. "The requirement that an inmate alleging a violation of *Bounds* must show actual injury derives ultimately from the doctrine of standing, a constitutional

6

principle that prevents courts of law from undertaking tasks assigned to the political branches."

*Lewis*, 518 U.S. at 354.

Plaintiff must show actual prejudice to his ability to proceed with a protected legal claim.

*See Strickler v. Waters*, 989 F.2d 1375, 1383 (4th Cir. 1998); *Bernadou v. Purnell*, 836 F. Supp. 319, 325 (D. Md. 1994).  Plaintiff has offered nothing more than a bald allegation that the destruction of the unspecified materials made it impossible to pursue unspecified legal claims.  Accordingly, his claim fails.

For the aforementioned reasons, Defendants' Motion, construed as a motion for summary judgment, shall be granted.   A separate Order follows.


<u>February 25, 2013</u>                                    _____/s/_____
Date                                                                      Alexander Williams, Jr.
                                                                             United States District Judge